RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 12/23/13
JPB

a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CEDRIC LAMONT DEAN | DOCKET NO. 13-CV-2510; SEC. P |
| VERSUS | JUDGE DRELL |
| WARDEN KAREN ASK-CARLSON | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Pro se petitioner Cedric Lamont Dean filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Petitioner is an inmate in the custody of the Federal Bureau of Prisons, and is incarcerated at the United States Penitentiary in Pollock, Louisiana (USP-P). He challenges the manner in which the Bureau of Prisons is computing his sentence, and he seeks a speedier release from custody.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons, it is recommended that his claim be **DISMISSED**.

### *Background*

Petitioner is a federal prisoner, having been convicted on December 1, 1995, in the Western District of North Carolina, of violating federal drug and gun laws. He was originally sentenced to a term of life imprisonment, plus five years.

On June 29, 2001, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence in the Western District of North

Carolina. [Docket #3:95-cr-0031 WDNC, Doc.#254] The petition was dismissed as untimely under the AEDPA on October 31, 2001. [Docket #3:95-cr-0031 WDNC, Doc.#262] The Fourth Circuit denied the certificate of appealability and dismissed the appeal on the reasoning of the district court. U.S. v. Dean, 31 Fed.Appx. 244, 245 (4th Cir. 2002).

On September 17, 2009, Petitioner's sentence was reduced as to two counts, pursuant to 18 U.S.C. §3582(c)(2), as a result of the Crack Cocaine Guideline Amendment 706. [Docket #3:95-cr-0031 WDNC, Doc.#321] Petitioner's sentence was once again lowered on August 16, 2012, as to the same two counts. [Docket #3:95-cr-0031 WDNC, Doc.#367]

**On November 26, 2013, while this case was pending initial review, a letter from Petitioner to the sentencing court was filed in his criminal case at Document #376. In the letter, Petitioner makes essentially the same claims as raised in this Section 2241 petition. On November 26, 2013, the sentencing court issued an order noting that, when Petitioner was resentenced in 2012, his counsel did not raise a claim regarding USSG §5G1.3(b). [3:95-cr-0031, Doc.#377, p.3] The Court suggested that it could construe Petitioner's letter as a Section 2255 petition with regard to the 2012 judgment, and that Petitioner should consult with counsel regarding whether he wanted to pursue that course of action. [3:95-cr-0031, Doc.#377, p.4-5] The matter is still pending in that**

Court.

### *Petitioner's Claims*

Petitioner complains that he has been denied credit toward his federal sentence for time spent in state custody from February 15, 1995, through May 23, 1997. He alleges that he should be provided with such credit because Sentencing Guideline 5G1.3 provides that the defendant should be credited for any period of imprisonment already served as a result of the conduct taken into account in determining the sentence for the instant offense. Petitioner states that the BOP is applying 18 U.S.C. §3585(b) despite the provision of 5G1.3.

### *Law and Analysis*

Dean's petition is properly brought in a motion pursuant to 28 U.S.C. §2241 only to the extent that it challenges *the manner* in which his sentence is being *calculated by the BOP*. See <u>Pack v. Yusuff</u>, 218 F.3d 448, 451 (5th Cir. 2000) (a writ of habeas corpus pursuant to 28 U.S.C. §2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration"). **To the extent that he challenges the application of the sentencing guidelines to his sentence by the sentencing judge, his claim attacks the sentence and must be brought pursuant to a petition under Section 2255 in the district of conviction.**

The Attorney General, through the Bureau of Prisons (BOP),

3

determines what credit, if any, will be awarded to prisoners for time spent in custody prior to the commencement of their federal sentences. See Leal v. Tombone, 341 F.3d 427, 428 (5th Cir. 2003)(per curiam). Petitioner complains that the BOP is applying Section 3585(b) and ignoring USSG §5G1.3(b). However, the BOP's authority to award credit is different from the district court's authority to make sentencing adjustments. See United States v. Dominguez, 156 Fed. Appx. 645, 646 (5th Cir. 2005)(per curiam); see also Leal, 341 F.3d at 428-30 (rejecting petitioner's contention that the BOP must credit his federal sentence for time spent in state custody). The BOP **does not** have the authority to apply the sentencing guidelines to a sentence; it can **only** award credit for prior custody pursuant to §3585(b).

The Fifth Circuit has determined that when a petitioner receives credit towards his state sentence for time spent in federal custody pursuant to a writ of habeas corpus ad prosequendum, he is not entitled to receive credit towards his federal sentence for the same time served. See Vignera v. Attorney General of U.S., 455 F.2d 637, 637-38 (5th Cir.1972) (per curiam); see also McKinley v. Haro, 83 Fed. Appx. 591, 592 (5th Cir. Dec. 9, 2003) (per curiam) (unpublished)("Time spent by a prisoner in federal custody for the purpose of appearing in federal court via a writ of habeas corpus ad prosequendum is not counted toward the federal sentence if that time was credited toward his state

sentence.")(citations omitted).

The Fifth Circuit has held that "[w]ell-settled federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutively **unless** the district court specifically orders that they run concurrently." Free v. Miles, 333 F.3d 550, 553 (5th Cir. 2003)(emphasis in original)(citing 18 U.S.C. §3584(a)("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."); see also Aldridge v. Wendt, 149 Fed. Appx. 253 (5th Cir. 2005). It appears that this issue is presently pending in the sentencing court, the Western District of North Carolina.

To the extent that Petitioner claims he is entitled to credit against his federal sentence for the time on which he was "borrowed" from state custody, his claim also fails. Generally, an inmate is not allowed credit toward his federal sentence if the prior custody time was credited toward his state sentence. See United States v. Dovalina, 711 F.2d 737, 740 (5th Cir. 1983). In this case, it appears that Petitioner's state custody *prior to* the federal conviction was credited toward that state sentence. Petitioner does not argue otherwise.

Petitioner has not presented facts indicating that the Bureau of Prisons acted outside of its authority or abused its discretion in calculating Dean's sentence. The crux of Dean's claim is that

5

he should have received a downward departure pursuant to USSG Section 5G1.3(b). This Court does not have jurisdiction over such a claim, and that claim is presently before the sentencing court in Dean's criminal case.

Therefore, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED** with regard to the BOP's calculation of Dean's sentence. **IT IS RECOMMENDED** that the claim be **DISMISSED FOR LACK OF JURISDICTION** as to Dean's claim regarding the application of the Sentencing Guidelines.

### *Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS**

**ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

THUS DONE AND SIGNED, in Alexandria, Louisiana, this 23rd day of December, 2013.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE